Good morning your honors. Good morning. Brian Connery. Oh sure, thank you. Your honor, the Ninth Circuit hasn't yet decided whether or not this illicit trafficking prong that the government's putting forward is an aggravated felony for purposes of Oregon law. I don't see how it could be. That was the topic of my opening brief and in reviewing the government's brief, and I'm sorry this was not in my response, in my answering brief, this discussion that illicit at page 12. It does not. Is the case Rendon v. Mukasey, Ninth Circuit? You're talking about illicit trafficking of a controlled substance now? I'm sorry? You're talking about illicit trafficking of a controlled substance, that provision? Yes, your honor. Okay. And now you're talking about the Rendon case? Yes. All addressed solicitation, correct? No, your honor, but it addresses illicit trafficking in a controlled substance, and it looks at a Kansas statute, and it goes through the visibility, there's a visibility analysis, and in the course of so doing, it excludes the part of the Kansas statute that provides you can be convicted of the offense if it's an offer. So in other words, if it's a when they did the Rendon v. Mukasey case, they did a modified categorical analysis, and that's the only way they got to, that's within the case, but within the Rendon Mukasey case, they exclude solicitation from being part of illicit trafficking, because it isn't, because it's, and that's And, you know, when I first got the government briefing, I knew about Valencia v. Mendoza, so I said, hey, I went on the Valencia v. Mendoza on the 2L1.2 prong, and I may not have focused enough on the illicit trafficking prong in my replay brief, so forgive me for that, please, because I don't think they have illicit trafficking. Well, you've just, so what's your winning argument, to use your words? If it's a winning argument, Your Honor, Why don't you tell me what your winning argument is, I, you know, The easiest, Let's back up just a moment. He was, the statute, the state statute on which he was convicted was delivery of marijuana. Yes, Your Honor. Marijuana delivery. Yes, Your Honor. Right? And that, under Oregon law, that encompasses solicitation. Right. Because then you have to flip over to the federal side. Right. Right? And we take a look at what the law is there. And the law in federal court is, So there's an aggravated felony, illicit trafficking, and a controlled substance, right? Yes. Okay, now what's your winning argument with respect to that provision, as you've used that term? As to the illicit trafficking prong, Your Honor, It's because Oregon punishes solicitation as delivery, and the federal court does not. And so Oregon, Federal statute. Statute. Okay. Well, Well, you have to be precise because this whole exercise is one of precision. I know, Your Honor. So, Embedded within the Oregon statute, When you, And this might be the precise part, Your Honor. I hope so. Embedded within the definition of delivery is the word attempted. Embedded within attempted per Oregon case law is solicitation. Well, the problem is, I don't think on the Oregon side, it's on the federal side. Right? What I'm trying to say, Your Honor, is the Oregon delivery statute is not consistent with the federal delivery statute. Yes. Why? Because Oregon punishes solicitation as delivery. And? That's overbroad, Your Honor. Compared to? The federal statute. So I think that's a winning argument. On the other side, the next thing is if somehow that's mistaken, if I'm mistaken on that, We look at Valencia Mendoza, And the government states that if it has illicit trafficking, That it also must have a state felony. And under Valencia Mendoza, it's clear that they don't have a state felony. What they have is a presumptive grid block of 60 days and a maximum sentence of six months. And I don't believe that could be any clearer, that that's not a state felony. Now, is this argument addressed by the BIA? No, Your Honor, because Valencia Mendoza came out after The government has filed a supplemental brief on this. And I don't think it needs to be remanded because it's a matter of law. It's a matter of construing a state statute. It's a matter of construing the state guidelines. The supplemental authorities I sent to the court just yesterday Discussed Valencia Mendoza's being upheld in ex-con cases by the Ninth Circuit. And it was interesting, when I went through the sentencing guideline work, To see what sentencing should control, the sentencing guideline or the statutory maximum, It's noted in the briefing, the government conceded that the guidelines The Oregon guidelines. The Oregon guidelines control over the maximum sentence for purposes of What's the maximum sentence that can be imposed in the Martinez case. And then also, I submitted the Garone case. It's a board case where the board also states To follow the sentencing guidelines for the particular defendant In order to establish the maximum sentence that he faces. And so the board has already addressed this anyway. And there's no need for a remand to the board. Mr. Connery, can I change the subject just a little bit? Let's assume for the purpose of this discussion that you're correct That Oregon's law is overbroad compared to the federal statute Because it criminalizes solicitation where the federal statute does not. Okay. Is the solicitation an element of the crime or is it a means to commit the crime? Your Honor, it's an element of the crime because solicitation is embedded Within the definition of delivery. Delivery in Oregon also means attempted delivery. And as a matter of Oregon case law, it can attempt a delivery through a solicitation. So if it's an element, then the court should undergo a modified categorical approach. It's indivisible, Your Honor. The element of delivery is indivisible. Both as to if it's an illicit trafficking offense Or a drug trafficking crime Delivery remains indivisible for either one of those prongs. And that's why the government loses at illicit trafficking. Because Oregon law Is not consistent with the delivery statute That you have on the federal court. Well, there's a case out there, U.S. v. Rivera-Sanchez An en banc decision by this court Where they found that the California statute was overbroad Because of solicitation that was not present in the federal And it seems to me, page 909, I think it is Suggested that in view of the fact that it was overbroad That the next step was to The second stage of the Taylor analysis was to look at the conduct And send it back to the lower court To make determinations as to whether the conduct fell within Or without the federal statute. Your Honor, it seems to me Pretty much parallel to what we have here today. I did not review Rivera-Sanchez in the last couple of days But just generally, Your Honor, when you do the Categorical approach and the statute is indivisible You don't review the conduct. What you review is the Least act that would be Consistent with the statute and the least act that would be consistent With the statute in Oregon is solicitation. I think that's a correct general proposition. Let me read from the Rivera-Sanchez case. After it was determined that the statute was overbroad, it said given Rivera-Sanchez's conviction Does not qualify facially as a predicate offense, the next step In the Taylor analysis is to determine whether other judicially noticed Facts exist in the record that would prove such qualification. It goes on to say a full evidentiary hearing was not held below We're sending it back to make a full evidentiary hearing rather than do it ourselves. That's the en banc court speaking. That seems pretty similar to what we have here. A remand to look at the particular facts of the offense, Your Honor Would not be consistent with the Supreme Court Mathis decision. It wouldn't be consistent with the Moncrief Supreme Court Moncrief decision. I thought your argument was that The Oregon statute is 475.860 Right? Is that right? I think so, Your Honor, yes. And it says it's unlawful for any person to deliver marijuana. Right? Okay. It has two subdivisions. One is a class B felony if the delivery is for consideration And C, B is class C felony if the delivery Is for no consideration. But here we know that he was charged and convicted Of A. Right? Yes, Your Honor. So then the question is whether or not That provision is over broad with respect To the federal statute. Is that right? And Your Honor That might be why I was jumping on 2L1.2 when I first Received a briefing from the government On re-reviewing the case, though I found an Oregon case that says that To prove Your Honor, I believe You're convincing me I should rely on Valencia Mendoza Well, we haven't made any decision yet So I wouldn't necessarily jump on anything because it might not be the right Your argument up here is very Nebulous. It's not consistent. I mean, you're not walking us through the steps So I think it might be productive because I think we have your Principle in mind that we hear from the government now And you save the remaining time. Okay, Your Honor, I retract that then. Thank you. Good morning. May it please the Court, Alison Igo Representing the Attorney General. I think it's important to clarify What the Court is reviewing here. The Court's reviewing The Board's interpretation of A phrase that's contained within the INA That phrase is illicit trafficking in a controlled substance The Board did look at the Oregon statute and the Board did say That the Oregon statute was overbroad, as you mentioned Judge Hawk, and the Court said that's because It includes a solicitation element It also found that the statute was divisible because it has separate Offenses and it provides separate penalties For those offenses. That's the A and B that I just went through. That's exactly Right, Your Honor. And the Board said that because It is divisible, it would apply the modified categorical approach and it Looked at the conduct and it looked at specifically the plea agreement The waiver and the waiver of indictment. And it was actually Not disputed in this case that But that analysis was for a different purpose, wasn't it? Determine whether it was A violation under Subsection A or Subsection B I think that had to do with commerce No, I don't think so Because the Board then went on, after it said that the statute was divisible And they would apply the categorical approach, they looked at The phrase illicit trafficking of a controlled substance And they said that they defined that. It's not defined anywhere And as we know that when there is a phrase that is ambiguous in the INA It is up to the Board to give that phrase definition And if the Board's definition is reasonable, then the Court Defers to that definition. And what the Board said in this case is that Illicit trafficking in a controlled substance contains a commercial element And that would be a transfer of a controlled substance for Money or other consideration. And they looked at this case and The underlying documents told them that Cortez Delivered marijuana in exchange for some consideration And they found that that was sufficient to fit within the Definition of illicit trafficking in a controlled substance I believe the Court did ask the Government To address the Valencia case But the Valencia case looked at only the drug trafficking Subset of illicit trafficking in a controlled substance That was a criminal case. It looked at the definition Of a felony underneath the guidelines. And it doesn't apply in this case Because what we're looking at is whether the Oregon statute Fit within the illicit trafficking in a controlled substance And the Board went through the proper analysis, looking at the statute Finding that it's divisible, applying them Let me ask you, going back, because there was a case in your brief But I don't think it was necessarily responded to by Maldonado's counsel, and that was Coronado Durazo, in which the Court said That the solicitation to commit A crime for a controlled substance is not a basis for Deportation. So how does that figure into the analysis? But if you're applying a categorical, a modified categorical approach, that's Not the behavior that was penalized in this case. That's not what he was convicted Of. He was convicted of a Class B felony, delivery of a controlled Substance, that is marijuana, for consideration. Because it was a Class B Felony, we know under the Oregon statute that it was delivery for Consideration. Section A? Section A, exactly. So even though So what you've done is you've eliminated solicitation from the Federal Statute. I mean, it doesn't You're I don't think you've eliminated it. I would say that if he had been convicted Of Or you don't consider it Well, we don't consider it in this case, because we are applying the modified Categorical approach, which looks at the particular conduct in this case. And the Conduct in this case was not solicitation. So I'm not necessarily saying it wouldn't Fit within the definition. What I'm saying is that if somebody solicited for consideration, I believe that that would fit within the definition of illicit trafficking Of a controlled substance. But that has not been decided. Right. But that is not what we have in this case. What we have in this case is, looking At the underlying documents and looking at the behavior, what we have is actual And that, the Board has said, falls within its definition of illicit trafficking In a controlled substance, which they said is the delivery or trafficking of a controlled Substance, which we have, for some either money or other consideration. And I don't Think the facts are at all in dispute. And I believe that the Board defining a term That is ambiguous under the INA is a court of deference in this case, having applied The proper analysis and having decided that illicit trafficking in a controlled Substance includes a commercial element, which is met here with the underlying Conduct that the Board's interpretation is entitled to deference. So I'm still, the recent Valencia, doesn't that also call into question the Board's decision Here? No, I don't think, and in fact what the Court said in that case was, I don't think it's relevant to this case. Because what the Court said, we must decide whether defendant's state conviction was a felony for purposes Of federal sentencing guidelines. And in the federal sentencing guidelines, in a comment to that, to the Guideline, defines felony, talking about whether it's punishable by a certain amount. What Valencia teaches us is that you have to look to the state law, the way in which state law Determines the sentence. So you have, like counsel was just referring to, you have guidelines in Oregon. And that fixes the maximum sentence. And it could well be that the way in which Oregon's guidelines Operate is that it doesn't qualify as a felony. The sentence that he got in this case. I would disagree. I don't think that What was the sentence in this case? The sentence in this case, I believe, was 10 days incarceration. But I don't agree that the Board is defining illicit trafficking in a controlled substance in that way. They are not considering any type of sentence. In this case, this No, but that's the whole, but that's the point of Valencia, is that you need to. And you haven't, I don't know why the Board should be free from that. I mean, I don't understand. The reason that the Board is free from that in this particular case is because they are defining a term, a phrase, that is very peculiar to the INA. It does not exist anywhere else. And they are defining that without reference to a sentence. But the Board can define controlled substance different than the way the courts have defined Well, not controlled substance. Controlled substance under the Act. No. That would be fair. Controlled substance is defined in Federal law. Illicit trafficking in a controlled substance as a whole is not. And it's a very broad. Congress put that in. And, in fact, a drug trafficking crime is a subset of that, clearly indicating that Congress was looking at a much broader set of offenses here. And they were leaving it up to the Board to define what illicit trafficking in a controlled substance is. A controlled substance is very clearly defined. It's the entire phrase that is not defined. And the Board said we have the controlled substance under the Federal law, which is marijuana. It's what illicit trafficking. And the Board said that illicit trafficking contains a commercial element, which we have in this case. And they did not define the phrase by reference to any particular sentence. They looked at this crime. And under this statute, he was convicted of a felony. And under the INA, the Board said that his felony, because it was illicit trafficking, a commercial transaction involved in a controlled substance, that is an aggravated felony under the INA. Okay. Thank you very much. Thank you. I'd like to backtrack just a little bit on the delivery on the illicit trafficking prompt, if I may. The crime that Petitioner was convicted of is solicitation for consideration under the categorical approach. And I don't believe that's sufficient to make out illicit trafficking. Further, the facts on this case, we want to talk about the facts. I think he had $9 on him and a half ounce of marijuana. That's it. And there's no planned delivery to anybody. It's implied delivery. There's no time set. There's no customer. You may not want to talk about the facts. Because if you looked at the plea agreement and the judgment in the case, your client in the plea agreement says, and I quote, I possessed marijuana for sale, and I delivered the marijuana. And the judgment contained in your client's stipulation that the following is a nuisance and shall be forfeited, drug items seized by an SMP, close quote. If you get into the facts, it's pretty clear this was a lot more than solicitation. Your Honor, in Oregon, you might say delivery because solicitation is sufficient for delivery. And so we're trying to look at it as a categorical matter. Excuse me. Let me repeat. I possessed marijuana for sale, and I delivered marijuana for money. I understand, Your Honor. But my only point on that is that's not necessary under Oregon law to convict somebody of this solicitation for consideration offense. And so I'd stand by the idea that illicit trafficking is not a Oregon delivery of a controlled substance. It's not an illicit trafficking offense. And then as to the guidelines, I just think it's clear as a bell that a lot more easy to get through that consideration and find that this man has not been convicted of a felony, and therefore he could not have been convicted of an illicit trafficking offense. As far as what I want out of this, if I could have it, is I'd like to have the case terminated because the notice to appear, all the charge was an aggravated felony, and this man has not been convicted of an aggravated felony. Thank you. Thank you. The case just argued, Cortez Maldonado v. Barr, is submitted.
judges: McKeown, Paez, Huck